UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| In re: | } |
| | } |
| QUALITY PROPERTIES, LLC | } Case No. 10-42783-JJR-11 |
| | } |
| Debtor. | } |

| | |
|---|---|
| CONSTRUCTION MATERIALS, INC., | } |
| | } |
| Plaintiff, | } |
| v. | } AP No. 10-40123-JJR |
| | } |
| PINE APPLE CONVEYOR | } |
| SERVICE, INC.; TED L. MONK; | } |
| MARK MONK; QUALITY PROPERTIES, | } |
| LLC; MARVIN'S, INC.; and | } |
| FIRST NATIONAL BANK OF TALLADEGA, | } |
| | } |
| Defendants. | } |

## OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT FILED BY CONSTRUCTION MATERIALS, INC.

*Background*

On February 6, 2009, the plaintiff, Construction Materials, Inc. ("Plaintiff") commenced an action in the Circuit Court of Shelby County, Alabama (the "State Court") against Quality Properties, LLC (the "Debtor") and the other defendants (the "State Action"). On October 1, 2010, Quality filed a petition for relief under chapter 11 of the Bankruptcy Code,[1] and thereafter Quality removed the State Action to this Bankruptcy Court, whereupon it became an adversary proceeding in Quality's bankruptcy case.

---

[1] Unless otherwise indicated, references to the "Bankruptcy Code" or "Code" are to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, and references to a "Bankr. Rule" are to the Federal Rules of Bankruptcy Procedure.

1

## Jurisdiction

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the General Order of Reference, as amended, entered by the United States District Court for the Northern District of Alabama. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (K) (allowance or disallowance of claims, and determination of the validity, extent, or priority of liens); therefore, the Court has authority to enter a final order. The following shall constitute the Court's findings of fact and conclusions of law.[2]

## Undisputed Facts

Co-defendant, Pine Apple Conveyor Service, Inc. ("Pine Apple") was the general contractor for the construction of a Marvin's Building Materials & Home Center Store located in Calera, Shelby County, Alabama (the "Project").[3] The Project is owned by the Debtor and is property of the bankruptcy estate. In the complaint originally filed in the State Action, the Plaintiff claimed it entered into a subcontract with Pine Apple to provide some of the material and supplies required for construction of the Project, and it had not been paid the agreed-upon sums owing under the subcontract. (AP Doc. 4, Ex. 1.)

In Count One of its complaint, the Plaintiff sought a materialman's lien against the Project pursuant to Ala. Code § 35-11-210, *et seq*. (1975). The prayer for relief in Count One stated that the Plaintiff "demands judgment on its lien against [all the named] Defendants" and "for a judgment granting a lien to Plaintiff upon [the Project] . . . ." In Count Two (breach of

---

[2] The Court's jurisdiction in this adversary proceeding, and in other similar adversary proceedings in the Debor's Chapter 11 case, was considered in an Opinion and Order entered on November 29, 2011 as BK Doc. 328 in the Chapter 11 case.

[3] At least one of the defendants, First National Bank of Talladega, contends that Pine Apple was actually a subcontractor and the contract was not a general or original contract, but rather was a subcontract. That issue has not been determined, and the Court's decision herein would not be different regardless of how the contract is ultimately classified.

2

contract) and Court Four (open account), the Plaintiff demanded monetary judgments against defendants Pine Apple, and Ted and Mark Monk; and in Count Three (unjust enrichment) a monetary judgment was demanded against only the Debtor and defendant Marvin's.

### *Relief Sought in Motion for Summary Judgment*

The Plaintiff filed a Motion for Summary Judgment (AP Doc. 49) in this adversary proceeding, and alleged there were no questions of material fact with respect to its entitlement to a money judgment against defendants Pine Apple, and Ted and Mark Monk. Although the complaint alleges the Plaintiff is entitled to a materialman's lien against the Project and monetary judgments against all the defendants, no relief was sought in the motion for summary judgment against the Debtor or its property (including the Project), or defendant Marvin's.

### *Standard for Summary Judgment*

A motion for summary judgment is controlled by Bankr. Rule 7056, which directs that Rule 56 of the Federal Rules of Civil Procedure is applicable to bankruptcy adversary proceedings. A court may grant summary judgment to a moving party when that party demonstrates "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Bankr. Rule 7056(a). In considering the merits of a motion for summary judgment, the judge's function is not to determine the truth of the matter asserted or the weight of the evidence, but to determine whether the factual disputes raise genuine issues for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). In making this determination, the facts are to be considered in a light most favorable to the non-moving party. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Allen v. Board of Public Educ. For Bibb Co.*, 495 F.3d 1306 (11th Cir. 2007). Of particular importance in this instance is subparagraph (f)(3) of Bankr. Rule 7056, which provides that "the court may consider summary judgment on

3

its own after identifying for the parties material facts that may not be genuinely in dispute."

*Conclusions*

On November 29, 2011, this Court entered an "Opinion and Order on: (1) Notice to Show Cause and (2) Motions to Abstain and Remand" (BK Doc. 328), in which it found it lacked jurisdiction over the claims asserted against the Monk defendants, and stated the following:

> It is further ORDERED that, inasmuch as the Monks [including Ted and Mark Monk] are neither debtors nor creditors in this case, and they apparently claim no interest in the Project or other property of the estate, the causes of action asserted against them in Removed APs 10-40119, 10-40120, 10-40121 and *10-40123* are hereby remanded to the Circuit Court of Shelby County, Alabama. (emphasis added).

Accordingly, this Court has no further jurisdiction over the claims asserted against the Monk defendants in this adversary proceeding, and probably never did. Regardless, those claims were remanded and must be pursued in the State Court.

Recall that in Count One of its complaint, the Plaintiff claimed a materialman's lien against the Project. That claim is a core proceeding within this Court jurisdiction as provided in 28 U.S.C. § 157(b)(2)(B) and (K) – allowance or disallowance of claims, and determination of the validity, extent, or priority of liens. And in Count Three the Plaintiff seeks a money judgment against the Debtor, which in the context of this bankruptcy case will require the Court to either allow or disallow a claim against the Debtor – a core proceeding under 28 U.S.C. § 157(b)(2)(B). However, the motion for summary judgment addresses neither the materialman's lien claimed against the Project, nor the amount owing, if any, by the Debtor to the Plaintiff. Thus the motion does not seek a determination of whether the Plaintiff should have an allowed claim in this chapter 11 case, the amount thereof, or the extent to which such a claim is secured. The only relief sought in the Plaintiff's motion are money judgments against Pine Apple, Marvin's and the two Monk defendants.

4

The Court previously found it did not have jurisdiction to adjudicate claims against the Monks, and those claims were remanded and do not need to be further addressed here. An adjudication of the claims asserted in Count One of the complaint will require this Court to determine the amount of the Plaintiff's allowed claim, the validity and extent of its alleged materialman's lien, and the priority of that lien vis-à-vis the interests of defendants Pine Apple (who claims to hold a secured claim), Marvin's (the lessee of the Project), and the First National Bank of Talladega (which holds a mortgage against the Project). Thus, the claims asserted in Count One are core proceedings under 28 U.S.C. § 157(b)(2), and this Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1334(b) and 157(a), and may enter final orders with respect thereto. As mentioned, however, the motion for summary judgment does not address Count One.

The claim for a simple money judgment in Count Three asserted against Marvin's is not unlike those asserted against the Monks. The claim against Marvin's is not a core proceeding under 28 U.S.C. § 157(b)(2), and it neither arose in, nor is it related to, this bankruptcy case. Whatever is owed, if anything, by Marvin's to the Plaintiff will have no conceivable impact on the Debtor, its chapter 11 case, or its bankruptcy estate. Thus, the Court has no jurisdiction to adjudicate the claim asserted in Count Three against Marvin's under 28 U.S.C. § 1334(b), and on its own motion, the Court finds that the claims asserted against Marvin's in Count Three should be remanded to the State Court. *See Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.),* 910 F.2d 784, 788 n. 19 (11th Cir.1990).

The amount owing by Pine Apple to the Plaintiff is related to the Debtor's chapter 11 case. If the Plaintiff later proves in this adversary proceeding that it is entitled to a materialman's lien against the Project as alleged in Count One of the complaint, the amount

5

owing by Pine Apple to the Plaintiff will be relevant in determining the sum secured by the lien (Ala. Code § 35-11-210 (1975)), and potentially the amount of the Plaintiff's secured claim in this case. Bankr. Code § 506(a)(1). Thus, the claims asserted against Pine Apple in Counts Two and Four are at least related to the Debtor's case, and are arguably core proceedings under 28 U.S.C. § 157(b)(2)(B) and (K) because their adjudication is required to determine the amount of the Plaintiff's secured claim and the extent of its lien. Nonetheless, this Court does not have jurisdiction to enter a monetary judgment in favor of the Plaintiff and against Pine Apple for whatever sum might be owing under the subcontract. Hence, claims seeking such a monetary judgment are due to be remanded to State Court.

### *Judgment and Order*

In accordance with the foregoing, it is hereby ORDERED that:

A. The Plaintiff's Motion for Summary Judgment (AP Doc. 49) is DENIED.

B. Pursuant to the Court's own motion, and subject to the proviso at the end of this sentence, all claims in Count Three of the Plaintiff's complaint against defendant Marvin's, and all claims in Counts Two and Four of said complaint against Pine Apple, are hereby REMANDED to the State Court; provided, however, the provisions of this paragraph B shall not become final for 14 days from the entry of this Order, and during such 14 days, the Plaintiff may file a notice opposing this paragraph B along with its materials and authorities supporting its opposition. If such notice is filed, then all other parties shall have 7 days thereafter during which to file their responsive materials and authorities, after which the matter shall be taken under submission by the Court, and the finality of this paragraph B shall remain suspended until further order of the Court.[4] If no such notice is

---

[4] Bankr. Rule 7056(f)(3) (incorporating Rule 56 Fed. R. Civ. P.) provides that the Court

Case 10-40123-JJR   Doc 71   Filed 05/14/12   Entered 05/14/12 11:58:25   Desc Main
Document      Page 6 of 7

timely filed by the Plaintiff, the provisions of this paragraph B shall become final after the expiration of 14 days without further order of the Court.

C. This Court retains jurisdiction over (x) all the claims asserted against all defendants (except for the Monk defendants)[5] in Count One of the Complaint and, (y) to the extent asserted against the Debtor, the claims asserted in Count Three of the Complaint.

So Done and Ordered: May 14, 2012

/s/ James J. Robinson
JAMES J. ROBINSON
United States Bankruptcy Judge

---

may consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute. The Court finds that paragraph B of this Order is supported by facts that are not genuinely in dispute. The parties now have notice of the material facts upon which paragraph B is based, and if the Plaintiff disputes the same, paragraph B is being suspended while the parties, and in particular the Plaintiff, are given an opportunity to respond.

[5] As mentioned above, all claims asserted against the Monk defendants were previously remanded to the State Court.